SINGER LAW GROUP
Daniel I. Singer
Nevada State Bar No. 9189
2192 Martin Suite 150
Irvine, CA 92612
Telephone: 949-449-1577
Fax: 949-420-2177
daniel@dsingerlawgroup.com

Attorneys for Movant
SURF CITY INVESTORS, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**RANDALL WAYNE JONES**<br><br>Debtor. | CASE NO.: 19-12292-mkn<br><br>CHAPTER 7<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br><u>Hearing:</u><br>Date: June 12, 2019<br>Time: 1:30 PM |

     SURF CITY INVESTORS, LLC ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 29 REYBURN DR., HENDERSON, NV 89014 (the "Property"). This motion is supported by the points and authorities cited herein and the record currently before the court.

     **I.  FACTUAL AND PROCEDURAL SUMMARY**

     Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

     On or about October 14, 2003, Randall W. Jones ("Debtor") executed a promissory note in the principal sum of $50,000.00 (the "Note"), which was made payable to GMAC Mortgage

Corporation. A true and correct copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Property which was recorded in the Clark County Recorder's Office of Nevada on November 4, 2003 as Instrument No. 20031104-00150. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.  The Note and Deed of Trust are collectively referred to herein as the "Loan."

Movant currently holds possession of the Note, which has a series allonges affixed thereto ultimately payable to the order of Plaintiff. See **Exhibit 1.**

Subsequently, all right, title and interest in the Deed of Trust were sold, assigned and transferred to Movant. A true and correct copy of the applicable Assignment of Deed of Trust is collectively attached hereto as **Exhibit 3** and incorporated herein by reference.

On April 16, 2018, Debtor commenced a case by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code under case number 18-12111.  The case was dismissed on or about March 20, 2019.

Less than a month later; or on or about April 16, 2019, Debtor commenced the instant Chapter 7 bankruptcy case.

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust.

As of May 1, 2019, the arrearage owed under the Note and Deed of Trust is as follows:

| PAYMENTS | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total Arrearage as of 5/1/2019** |
| 106 | $45.52 | 8/20/2010 – 5/20/2019 | $4,825.12 |

A payment history, payoff and reinstatement is collectively attached hereto as **Exhibit 4.**

As of May 1, 2019, the total amount owed under the Note is approximately $26,020.02.

2

Debtor's sworn schedules indicate an intent to surrender the subject property. **See Exhibit 5.** As such, the requirement under Local Rule 4001(a)(2) to Meet and Confer is not required.

**LEGAL ARGUMENT**

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause,* including the lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. §362(d)(1). (emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition mortgage payments, and inadequate protection of a creditor's interest in the property. In re Ellis, 60 B.R. 432, 435 (9th Cir. BAP 1985). A court may grant relief from stay for cause when the debtor has not been diligent in carrying out their duties in the bankruptcy case, has failed to make required payments, or is using bankruptcy as a means to delay payment or foreclosure. In re Harlan, 783 F.2d 839 (9th Cir. BAP 1986); In re Ellis, 60 B.R. at 435.

Here, no payments have been under the loan obligation for nearly 9 years; debtor indicates an intent to surrender the subject property; and the fact that Debtor sought relief under Chapter 7, the property is not necessary for an effective reorganization.

As such, Movant respectfully requests that relief be granted.

**II.    CONCLUSION**

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. §362(a). Pursuant to Local Bankruptcy Rule 9014(g), a proposed order is attached hereto as **Exhibit 6.**

Pursuant to Local Rule 9014.2, the Creditor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent

of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**WHEREFORE,** Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. §362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

4. That the requirements of Local Bankruptcy Rule 9021 be waived; and

5. Granting Movant such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: May 9, 2019       SINGER LAW GROUP

By: /s/ Daniel I. Singer
DANIEL I. SINGER
Attorneys for Movant

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am employed in the County of Orange, State of California, am over the age of 18 years and not a party to this action. My business address is 2192 Martin Suite 150, Irvine, CA 92612.

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States Bankruptcy Court in and for the State of Nevada by using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

<u>Trustee:</u>

Lenard E Schwartzer

2850 S Jones Blvd #1

Las Vegas, Nevada 89146

trustee@s-mlaw.com

I further certify that the foregoing document was mailed via U.S. Mail, First Class to the following parties who are not registered users of the CM/ECF system:

<u>Debtor</u>

RANDALL WAYNE JONES

29 REYBURN DRIVE, HENDERSON, NV 89074

I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 9th day of May, 2019, at Irvine, California.

    /s/ Daniel I. Singer
DANIEL I. SINGER